UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___8/31/2020___
```

DANIELLE RODRIGUEZ, JULIAN RODIGUEZ,
CYNTHIA LEE, and WILLIAM LEE,

                                    Plaintiffs,

        -against-

GLOBALFOUNDRIES U.S. INC.,
GLOBALFOUNDRIES U.S. 2 LLC, I. PARK EAST
FISHKILL I LLC, FLUOR CORPORATION,
INTERNATIONAL BUSINESS MACHINES
CORPORATION, TROY INDUSTRIAL
SOLUTIONS LLC, and USTEST & BALANCE
CORP.,

                                    Defendants.

19-CV-9360 (NSR) (LMS)

ORDER

NELSON S. ROMÁN, United States District Judge

      Plaintiffs commenced this action on September 18, 2019, in the Supreme Court of the State of New York, County of Dutchess, asserting claims stemming from injuries suffered on Defendants' premises. (ECF No. 1, Ex. A.) Defendants filed a Notice of Removal on October 9, 2019, removing this matter to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1 ¶ 4.) After this matter was referred to the Honorable Lisa M. Smith for all general pretrial proceedings (ECF No. 43), Plaintiffs filed an Amended Complaint that added three new defendants, all of whom are incorporated in the State of New York and maintain their principal place of business in the State of New York. (ECF No. 60 ¶ 2(a).)

      It is axiomatic that "[s]ubject matter jurisdiction [] based on 28 U.S.C. § 1332" requires "'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps. Retirement Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111,

117-18 (2d Cir. 2014) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S 546, 553 (2005)).  Here, it is clear that Plaintiffs' Amended Complaint has added new parties who are citizens of the same state as Plaintiffs, which has, in turn, stripped the court of subject matter jurisdiction.  As a result, on August 20, 2020, Defendants GlobalFoundries U.S. Inc. and GlobalFoundries U.S. 2 LLC informed the Court that the appearing parties agreed that this matter should be remanded back to state court.  (ECF No. 61.)

Based on the foregoing, it is hereby ORDERED, that, pursuant to 28 U.S.C. § 1447 (b) and (c), the instant action is remanded back to the Supreme Court of the State of New York, County of Dutchess, for further proceedings.[1]

The Clerk of Court is respectfully directed to remand this matter and to close the case.

Dated:    August 31, 2020                                          SO ORDERED:
             White Plains, New York

                                                                    NELSON S. ROMÁN
                                                                    United States District Judge

---

[1]    "A court may remand a case *sua sponte* if it determines, at any time before judgment, that it lacks subject-matter jurisdiction."  *Gonzalez-Blanco v. Bank of Am., N.A.*, No. 11 Civ. 7139(TPG), 2011 WL 5433687, at *1 (S.D.N.Y. Nov. 9, 2011)